William T. Collins, S.
The petitioning administratrix in this discovery proceeding asserts estate ownership of savings bank accounts opened by decedent in five separate institutions in trust for a brother and sister. The petitioner insists that the question of title as between the estate and the named beneficiaries will turn upon the effect to be given to a letter written by deceased shortly prior to his marriage to the petitioner. The text of that letter follows:
1 ‘ I hereby direct my brother Maurice and my sister Marie to pay upon my death, from the proceeds of my estate, the sum of $5,000.00 to Miss Sophie Leon, residing at 345 West 88th Street, New York City, in grateful recognition for her devotion to me over the years.
Richard Baquiche
4/16/52
I further direct the above that the remainder of my entire estate be divided as follows:
*615 40% to my sister Marie 40% to my brother Maurice 20% to my brother Joe
The above percentages should be applied to the sum total of all my bank deposits, regardless of whether they are joint accounts, or in trust for a particular beneficiary, all my insurances and any other assets that I may possess.
Richard Baquiche
4/16/52 ”
It is the contention of the petitioner that this letter constitutes an act in disaffirmance of the trusts so saving them from the operation of section 239 of the Banking Law.
The circumstances surrounding the execution and delivery of the letter were established at the hearing. It appears that it was given by the deceased to one of his brothers in a sealed envelope and deposited in a safe deposit box to which both of them had access. It remained there until the death of the intestate when it was removed from the box by the brother and given by him to his attorney who opened it and read it at a conference in his office attended by the petitioner and the brothers and sister of deceased.
The court holds that the letter does not constitute an act of disaffirmance within the meaning of the cases. (Matter of Halpern, 303 N. Y. 33.) Quite clearly testamentary in character, its deficiencies in that respect defeat the accomplishment of what appears to have been its purpose. It would be, moreover, a distortion of its meaning to hold that it was intended by the deceased in the alternative to constitute an unequivocal inter vivos revocation of the trust accounts. Plainly he entertained no such thought at the time he wrote the letter. If anything he had then in mind the preservation of the accounts so that they could be disposed of upon his death in the manner set forth in the defective testamentary paper.
For the reason that the intestate never effected a change in any of the accounts nor disavowed them during his lifetime, the court holds that title to the funds remaining on deposit was lost to the estate upon the death of the depositor. That opportunities to change this result were available to the intestate is of course beyond dispute; that he was aware of their existence is evidenced by the fact that he caused the petitioner to be named as beneficiary of a life insurance policy. The petition for delivery of the money is denied.
It should be noted that the decision of the court is confined to the holding that there is no estate interest in the accounts *616 which constitute the subject matter of the proceeding. Determination of title as between the petitioner as an individual and the named beneficiaries of the trusts lies in another forum, for the question, if it exists, is not within the scope of this court’s jurisdiction.
The proof was wholly insufficient to sustain the contention of the petitioner that deceased died the owner of 100 shares of the stock of the Graham Paige Corporation. The testimony of the brother of deceased that he had purchased this stock was not contradicted and consequently the application to direct delivery of this property is also denied.
The rulings made on the hearings concerning the admissibility of testimony and documentary matter are in all respects confirmed and the report in accordance with the provisions of subdivision 9 of section 32 of the Surrogate’s Court Act approved for filing.
Submit decree on notice.